UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
RONALD BRITTON,

                            Petitioner,

        -against-

UNITED STATES OF AMERICA,

                            Respondent.

---------------------------------------------------------- x

MEMORANDUM & ORDER

1:13-CV-02955 (ENV)

VITALIANO, D.J.

Petitioner Ronald Britton makes *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Petitioner alleges ineffective assistance of trial counsel based on his attorney's failure to object: (i) to the pre-sentence report ("PSR"); (ii) to the inclusion of certain juvenile adjudications in calculating his guideline range; and (iii) to the government's breach of his plea bargain agreement. For the reasons stated below, habeas relief is denied.

## Background

Britton was charged, under the Hobbs Act, with conspiring to interfere with commerce by robbery, using a firearm during a crime of violence, and eight counts of robbery, all relating to a string of robberies of auto parts shops in Brooklyn and Queens. Def. Ltr. 1-2. On December 18, 2009, pursuant to a written plea agreement, Britton pled guilty to conspiracy and a single count of using a firearm during a crime of violence. Def. Ltr. 2; Pl. Mem. 2.

The plea agreement forecast a likely adjusted offense level of 22 with respect to the conspiracy count, equating to a guidelines range of 51 to 63 months' imprisonment, assuming a criminal history category of III. Def. Ltr. 2. The agreement also noted that the firearms count

1

carried a mandatory minimum sentence of seven years, which was required to run consecutively to any other sentence. *Id.* The PSR, however, recommended that the Court determine the adjusted offense level to be 32, which resulted in a guideline sentencing range on the single conspiracy count of 151 to 188 months' imprisonment. Considering that the Court was required to impose a consecutive seven-year sentence for the firearms charge, Britton's effective sentencing range was between 235 and 272 months. *Id.* From this, he argues that counsel's performance was deficient as a general matter and, specifically, in not objecting to the PSR. The latter gripe rests on the fact that he did not actually plead guilty to any of the eight charged robberies to which the PSR assigned him responsibility. Additionally, he contends the PSR was subject to further attack because it relied upon his juvenile delinquent records that had been sealed. Pl. Mem. 5-6, 8-10. Finally, Britton contends that the government materially breached the plea agreement, which prohibited it from seeking an upward departure, or even taking a position on where within the guideline range sentence should be imposed. He pegs the alleged breach to negative comments made by the prosecutor at sentencing. Pl. Mem. 12-13.

Ultimately, Britton was sentenced to 96 months on the conspiracy charge—higher than the 63-month top of the guideline range forecasted in the plea agreement, but well below the 151-month bottom of the guideline range calculated in the PSR adopted by the Court. In all, with the seven-year mandatory minimum consecutive sentence imposed on the gun count, Britton received a custodial sentence of 15 years. Pl. Mem. 2.

On his direct appeal, Britton sought relief on the following grounds: (1) that two juvenile delinquency adjudications were improperly considered in the calculation of his criminal history category; (2) that the government's forecast of the appropriate sentencing guidelines as set forth in the plea agreement was erroneous; and (3) that the district court failed to consider his financial

2

circumstances when it assessed mandatory restitution in the amount of $49,450. Def. Ltr. 3. The Second Circuit rejected these claims, summarily affirming the district court's judgment. *United States v. Britton*, No. 11-2120-CR, slip op. at 2 (2d Cir. May 16, 2012). The juvenile adjudications, the court of appeals found, were not sealed, and, consequently, were not "expunged" for guidelines purposes. *Id.* at 4-5. The plea agreement's forecast as to the likely applicable guidelines was a non-binding estimate, and, lastly, the court of appeals ruled that the restitution awarded was properly imposed and included a payment plan assessed based on financial ability, all in accordance with the controlling statute. *Id.* at 5-6.

## Standard of Review

A person who has been convicted and is currently a federal prisoner may petition the sentencing court to correct, vacate, or set aside his conviction and/or the sentence under 28 U.S.C. § 2255. The grounds for relief are very limited. The § 2255 court may only grant relief if it concludes: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, [or] (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255) (internal quotation marks omitted). Sentencing procedure errors are only cognizable if the petitioner "establish[es] that the violation constituted a constitutional or jurisdictional error or by showing that the error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Femia v. United States*, 47 F.3d 519, 525 (2d Cir. 1995) (citations and internal quotation marks omitted). "[T]o obtain collateral relief a prisoner must clear a significantly

3

higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166, 102 S. Ct. 1584, 1593, 71 L. Ed. 2d 816 (1982).

Another rudimentary principle of fairness must be applied in considering the petition. Since petitioner is acting *pro se*, his pleadings must, and will, be construed liberally "to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## Discussion

### A. The PSR

Because Britton raised on direct appeal the issues of his juvenile record and the disparity between the calculation of the sentencing guidelines in the plea agreement as compared with the calculation of the guidelines adopted by the Court at the time of sentence, the "mandate rule" procedurally bars these issues from relitigation on collateral attack. "It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (quoting *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001)); *see also United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Obvious from the mandate affirming Britton's conviction, the Second Circuit already considered and rejected each of these grounds for relief, which means they are barred from consideration now.

In a vain effort to vault over the bar, petitioner recasts the foreclosed claims as ineffective assistance of counsel claims. In a familiar refrain, he contends that his counsel was ineffective by failing to object at sentencing to the conduct upon which his appellate claims were based. However, the mandate rule also "precludes relitigation of issues impliedly resolved by the appellate court's mandate." *Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010); *see also United*

4

*States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). The rule extends, manifestly, to ineffective assistance of counsel claims "where the factual predicates of those claims, while not explicitly raised on direct appeal, were nonetheless impliedly rejected by the appellate court mandate." *Mui*, 614 F.3d at 53.

Even if the related ineffective assistance claims were not precluded, those claims are without merit. Britton's counsel did, in fact, object to the PSR, arguing that its sentencing guidelines calculation "overstates the seriousness of [Britton's] prior criminal history." Mar. 10, 2011 Sentencing Transcript ("Sentencing Tr.") at 10. Counsel sought a downward variance pursuant to 18 U.S.C. 3553(a),[1] and objected to the extreme disparity between the plea agreement's calculation and the one recommended in the PSR, and, later, adopted by the Court. Sentencing Tr. at 12-16. The Court overruled the objections at the time, while acknowledging agreement that the Court should, and did, consider the discrepancy in the pre- and post-plea guidelines calculations as a discretionary adjustment factor. Indeed, as previewed above, the Court imposed a sentence well below the PSR's calculated guidelines range. Sentencing Tr. at 7, 9, 23-24. Britton's trial counsel can hardly be faulted for the way he handled at sentencing the very same issues petitioner presses now. The record, bluntly, is compelling that, as a matter of guidelines algebra, the PSR's calculation was correct. Counsel properly pursued variance instead, and Britton received a substantially discounted sentence.

Since any argument to the contrary was doomed to fail, counsel was not ineffective for his failure to pursue it. *See, e.g., Narducci v. United States*, No. 3:99-CR-248, 2003 WL

---

[1] Britton also alleges, in Count Four of his petition, a failure by counsel to revisit discussion of the § 3553(a) factors. Though the statute was not specifically referenced by number at the time, defense counsel clearly and unambiguously advocated for Britton on § 3553(a) grounds. Sentencing Tr. at 12-16.

5

21488716, at *2 (D. Conn. June 23, 2003) (counsel not ineffective for failure to, among other things, object to PSR's calculation of sentencing guidelines, because such a request would have been frivolous); *Rodriguez-Quezada v. United States*, Nos. 06-CR-188, 08-CV-5290, 2008 WL 4302518, at *2-3 (S.D.N.Y. Sept. 15, 2008) (counsel not ineffective for failing to make arguments at sentencing explicitly rejected by the Second Circuit); *Williams v. United States*, No. 07-CV-1804, 2012 WL 1116403, at *14 (E.D.N.Y. Mar. 30, 2012) (counsel not ineffective for failure to pursue frivolous or non-meritorious claims). Accordingly, Britton's claim of ineffective assistance of counsel for failing to make legal arguments directed at the calculation of his sentencing guidelines found by the Second Circuit to be meritless is itself wholly without merit, and, in any case, procedurally barred as arising from the same factual predicate upon which the mandate was based.

B.  Prosecutor's Breach of the Plea Agreement

Shifting gears, Britton alleges that the government breached the plea agreement by improperly seeking an upward departure from the guidelines at sentencing through its negative comments at the sentencing hearing. Petitioner failed to raise this claim of government misconduct, though ripe, on direct appeal, and "[a] defendant is also barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom." *Perez*, 129 F.3d at 260. The Court construes Britton's petition to advance in tandem an ineffective assistance of counsel claim as cause for this omission.

For ineffective assistance of trial counsel claims under § 2255, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), controls. *Strickland* makes clear that "the proper standard for attorney performance is that of reasonably effective assistance." *Id.*, 466

U.S. at 687, 104 S. Ct. at 2064. As set forth in *Strickland*, to establish ineffective assistance of trial counsel, a habeas petitioner must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (quoting *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005)) (internal quotation marks omitted). To establish subpar performance, a habeas petitioner must overcome the "strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001)). The presumption is overcome only if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

Britton cannot satisfy either requirement of the *Strickland* test. Any objection to the government's remarks, either on the basis of statute or contract principles, would have been frivolous. The plea agreement allowed the prosecution to "advise the Court ... of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence." Pet. Mem., Ex. D ("Plea Agmt.") 3. Neither law nor its contract with Britton barred the government from arguing "in a manner casting pejorative light on the defendant and his criminal activity." *United States v. Amico*, 416 F.3d 163, 165 (2d Cir. 2005). Admittedly, not all statements by the government are permissible. See *United States v. Vaval*, 404 F.3d 144, 153 (2d Cir. 2005) (finding a breach of the plea agreement where "the government volunteered highly negative characterizations of appellant's criminal history as 'appalling' and his purported contrition as

7

'disingenuous'" because "such characterizations are not 'information' protected by the agreement). No such conduct is present here. The government simply offered that Britton's crimes were serious, and that he was a leading member of a violent street gang. Sentencing Tr. at 17. Statements of that kind are permissible communication of information meant to assist the Court. Underscoring its scrupulousness, the government, in fact, honored its deal by not seeking an upward departure nor even taking a position where within the guidelines range the Court should sentence Britton. *Id.* at 17-19. In sum, there is no merit to the claim that the government breached its agreement or that defense counsel was deficient for failing to object on those grounds.

As to the second prong, in any event, petitioner can show no prejudice from any alleged ineffective assistance of counsel had counsel been ineffective as claimed. The Court imposed a sentence of 96 months on the conspiracy count—dramatically below the minimum guidelines range of 151 months the Court had computed for that count. Defendant has not shown, as a result, that had counsel performed differently, he would have received a lower sentence.

## Conclusion

For the foregoing reasons, Britton's motion for a writ correcting, vacating, or setting aside his conviction and sentence is denied and the petition is dismissed.

As petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

So Ordered.

Dated: Brooklyn, New York
December 11, 2015

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge